# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DION TAYLOR,
            Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,
            Agency.

DOCKET NUMBER
AT-3330-14-0088-I-1

DATE: October 20, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Dion Taylor</u>, Lake City, Florida, pro se.

<u>Corey J. Thompson</u>, Gainesville, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant held a WG-09 Carpenter position at the agency's Gainesville (Florida) Veterans Affairs (VA) Medical Center. Initial Appeal File (IAF), Tab 1 at 9. He applied for a WS-09 Maintenance Mechanic Supervisor position at the agency's Gainesville VA Medical Center, as advertised under job announcement number GF-13-RSe-954350. IAF, Tab 4, Subtab 2e at 1. The job announcement stated that the position was only open to current employees of the North Florida/South Georgia Health System. *Id.* The job announcement indicated that eligible veterans should claim preference on the required Occupational Questionnaire and provide a copy of their DD214 forms. *Id.* at 3. The agency referred the appellant and three other candidates to a scoring panel that interviewed them, but the agency ultimately did not select the appellant for the position. IAF, Tab 4, Subtab 2c at 1-2, Subtab 2d. The appellant thereafter filed a complaint with the Department of Labor (DOL) regarding his nonselection. IAF, Tab 1 at 10-13. The DOL notified the appellant that it had completed its investigation and concluded that veterans' preferences rules did not apply because the agency conducted the selection process under merit promotion procedures.

*Id.* at 7-8. The DOL informed him of his right to appeal its decision to the Board. *Id.*

¶3 The appellant filed a Board appeal and disputed whether the position was filled under merit promotion procedures, arguing that the job announcement did not state that it would operate as a merit promotion. *Id.* at 3. The agency responded that it was not required to follow preference-related requirements because it filled the position under merit promotion procedures, and thus veterans' preference provisions were not applicable. IAF, Tab 4, Subtab 1. In his summary of a prehearing conference, the administrative judge determined that the appellant established Board jurisdiction over his appeal pursuant to 5 U.S.C. § 3330a(d)(1) by showing that he exhausted his remedy with the DOL and by making nonfrivolous allegations that he was a preference eligible within the meaning of VEOA, the agency violated his rights under a statute or regulation relating to veterans' preference, and the action took place on or after October 30, 1998 (the enactment date of VEOA). IAF, Tab 7 at 1-2; *see Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 8 (2005). The administrative judge also informed the appellant that veterans' preference rules do not apply to a merit promotion action and he must prove by preponderant evidence that the agency violated his rights with respect to a statute or regulation related to veterans' preference in order to be entitled to relief under VEOA. IAF, Tab 7 at 2-3.

¶4 The appellant submitted as hearing exhibits three agency job announcements for comparison with the job announcement at issue. IAF, Tab 8. However, the agency's witness, a Section Chief for Recruitment/Placement, testified that the job announcement at issue was a merit promotion announcement open only to current employees. She further testified that the language concerning veterans' preference in the job announcement for the mechanic position was not placed there by the agency but was part of the USAJOBS template. Hearing CD (32:10-34:20). She also testified that the required

documents section of the job announcement, which was under the agency's control, did not require any veterans' preference documents. *Id.* The appellant did not dispute that the selection process was restricted to current agency employees within the North Florida/South Georgia Veterans' Health System and presented no evidence that the agency considered external candidates for the position. After holding the requested hearing, the administrative judge denied the appellant's request for corrective action. IAF, Tab 9, Initial Decision (ID) at 1, 5. The administrative judge considered the job vacancy announcement, the appellant's hearing exhibits and testimony, the testimony of the agency's witness, and both parties' arguments in concluding that the appellant failed to establish that the agency violated any right under a statute or regulation related to veterans' preference. ID at 3-4.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

¶6 To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's selection violated one or more of his statutory or regulatory veterans' preference rights. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006). An appellant is not entitled to veterans' preference points under merit promotion procedures. *Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008). In his petition for review, the appellant reiterates his argument from below that the job announcement did not state that it was for a merit promotion. PFR File, Tab 1 at 3. The administrative judge properly considered the appellant's argument based on the statements in the job announcement. ID at 3-4. The appellant has not identified any error in the administrative judge's explained finding that the position was filled through merit promotion procedures for the reasons stated in the initial decision. Based on our review of the record in this matter, we find no reason to disturb the administrative judge's finding that the agency did not violate any right under a statute or regulation related to veterans' preference by not

selecting the appellant for the mechanic position. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.